UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| v. | § | EP-00-MJ-2316-MAT |
| | § | |
| **GUADALUPE CHAVEZ-ALVARADO** | § | |

## MEMORANDUM OPINION AND ORDER

On April 3, 2025, Defendant Guadalupe Chavez-Alvarado ("Defendant") moved to suppress statements made to U.S. immigration officers, asserting that the statements were made in violation of the Fifth Amendment and that Defendant did not voluntarily waive her *Miranda* rights. The Court finds that the government failed to meet their burden of proof that Defendant's waiver was voluntary, and **GRANTS** Defendant's Motion to Suppress ("Motion").

### I. BACKGROUND

Defendant was charged by criminal complaint in the instant case with the misdemeanor offense of Fraudulent Possession of an Identification Document, in violation of 18 U.S.C. § 1028(a)(4). Compl., ECF No. 1. The Complaint alleges that on July 27, 2000, Defendant attempted to enter the United States from Mexico at the Bridge of the Americas Port of Entry in El Paso, Texas using her sister-in-law's Form I-586 border crossing card. *Id.* 1. After presenting her relative's border crossing card as her own, officers at the port of entry transferred Defendant to secondary inspection where Immigration and Naturalization Service Immigration Inspector Edgar Mendez ("Officer Mendez") provided Defendant with an I-214 "Notice of Rights" form in

Spanish that detailed Plaintiff's *Miranda* rights.[1]  *Id.*; Ex. 1, ECF No. 39-1.  The Complaint alleges that Defendant voluntarily signed the "Notice of Rights" form and admitted that she took her sister-in-law's border crossing card without permission to attempt entry to the United States.  Compl. 1.

On July 31, 2000, Defendant had an initial appearance before U.S. Magistrate Judge Richard P. Mesa and was granted a signature bond on the condition that Defendant appear at all required proceedings.  Release Order, ECF No. 3. On August 23, 2000, Judge Mesa issued an arrest warrant due to Defendant's alleged failure to appear at her arraignment.  Bench Warrant, ECF No. 6.  On January 31, 2025, Defendant was arrested on Judge Mesa's 2000 bench warrant.[2]  *See* Warrant Return, ECF No. 7.  Defendant's instant Motion addresses statements made in connection with the fraudulent possession charge.

On April 3, 2025, Defendant moved to suppress statements made to U.S. immigration officers on July 27, 2000.  Def.'s Mot., ECF No. 32.  On May 2, 2025, this Court held a hearing on Defendant's Motion.  The Court admitted the government's Exhibits 1, 2, 3, 4, 5, and 6 and rejected the remaining exhibits on relevance grounds.[3]  Ex. 1–6, ECF No. 41.  The government presented two witnesses: U.S. Customs and Border Protection Case Agent Mark Acosta and retired Immigration and Naturalization Service Immigration Inspector Edgar Mendez.  Officer Mendez was the only testifying witness who was present at the July 27, 2000, incident.  Throughout the hearing, Officer Mendez repeatedly stated that he could not remember the event in question due to it occurring almost twenty-five years ago.

---

[1] The Immigration and Naturalization Service is part of the U.S. Department of Homeland Security.
[2] Defendant is currently proceeding in two matters before this Court: the 2000 Fraudulent Possession of an Identification Document charge in the instant case, and Failure to Appear in violation of 18 U.S.C. § 1346, which was filed on February 20, 2025.  The Failure to Appear matter is 3:25-mj-00700.
[3] Due to the time-sensitive nature of this matter, the Court relies on a draft of the transcript from the Motion to Suppress hearing.

On May 14, 2025, this Court issued a preliminary order granting Defendant's Motion with a comprehensive memorandum opinion to follow.  Order, ECF No. 44.  The following memorandum articulates the Court's reasoning for granting Defendant's Motion.

## II.   DISCUSSION

A.  The Fifth Amendment and *Miranda*

The Fifth Amendment protects individuals from self-incrimination.  U.S. Const. amend. V.  In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court delineated "procedural safeguards" to "secure the privilege against self-incrimination" for individuals in custodial interrogation.  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  These safeguards include requiring that a defendant in custodial interrogation be warned about their rights to remain silent and have an attorney present prior to being questioned by law enforcement.  *Id.*   "The purpose of the *Miranda* warnings…is to dissipate the compulsion inherent in custodial interrogation and, in so doing, guard against abridgment of the suspect's Fifth Amendment rights."  *Moran v. Burbine*, 475 U.S. 412, 425 (1986).  An individual is in custodial interrogation "when placed under formal arrest" or "when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest."  *United States v. Wright*, 777 F.3d 769, 774 (5th Cir. 2015) (quoting *United States v. Bengivenga*, 845 F.2d 593, 596 (5th Cir. 1988)).

Defendants can waive their *Miranda* rights such that self-incriminating statements made during custodial interrogation do not violate the Fifth Amendment.  A court may properly conclude that a defendant has waived their *Miranda* rights "[o]nly if the 'totality of the circumstances surrounding the interrogation' reveals both an uncoerced choice and the requisite level of comprehension…."  *United States v. Pargas-Rodriguez*, No. DR-12-CR-1234-DCR, 2012 WL

12867381, at *2 (W.D. Tex. Nov. 29, 2012) (citing *Moran,* 475 U.S. at 421). "The government has the burden of proving a valid waiver by a preponderance of the evidence." *Id.* (citing *United States v. Scurlock,* 52 F.3d 531, 536 (5th Cir. 1995)).

"A signed waiver form, though not conclusive, is 'usually strong proof' of a knowing and voluntary waiver." *United States v. Alvarado-Palacio*, 951 F.3d 337, 341–42 (5th Cir. 2020) (citing *North Carolina v. Butler*, 441 U.S. 369, 373 (1979)). Nevertheless, courts in the Fifth Circuit have affirmed the validity of a *Miranda* waiver when a signed *Miranda* form is *corroborated* by evidence, including video evidence, hearing testimony, or transcriptions of audio evidence. *See id.* (finding *Miranda* waiver valid where video evidence showed defendant signing a Spanish-translated waiver and affirming that he understood his rights); *United States v. Christopher*, 2015 WL 6882942, at *4–6 (E.D. Tex. Nov. 9, 2015) (noting *Miranda* waiver valid where defendant signed notice of rights and officer present at signing testified at the suppression hearing to the same); *United States v. Esquivel Carrizales*, No. CR H-20-00161, 2020 WL 6392420, at *22 (S.D. Tex. Nov. 2, 2020), *aff'd*, No. 21-20586, 2023 WL 5133293 (5th Cir. Aug. 10, 2023) (finding *Miranda* waiver valid where defendant signed Spanish-translated waiver and transcript of audio from interrogation confirmed that defendant understood his right to an attorney at the interview).

Here, the Court finds that although the government presented Defendant's signed *Miranda* form as evidence of a *Miranda* waiver, the government presented no corroborating evidence attesting to the same. As such, the government has not met their burden that Defendant waived their *Miranda* rights and Defendant's statements must be suppressed.

B. <u>Custodial Interrogation</u>

The Court first examines whether Defendant was subject to a custodial interrogation such that *Miranda* applies. Defendant states she was in custodial interrogation because she was "detained and referred to secondary inspection." Def.'s Supp. Mem. 2, ECF No. 32-1. The Court agrees with Defendant's argument that because Defendant was transferred to secondary inspection for suspicion of presenting a false border crossing card, she was subject to custodial interrogation.

Courts in the Fifth Circuit have found that a defendant is subject to custodial interrogation where the defendant's transfer to secondary immigration inspection is due to suspicion of illegal activity committed by the defendant. *See United States v. Chavira*, 614 F.3d 127, 133 (5th Cir. 2010) (finding defendant subject to custodial interrogation when transferred to secondary inspection for suspicion of making false statement to Customs and Border Protection officer and the case "changed from a routine immigration case to an essentially criminal law enforcement case"); *United States v. Gonzalez-DeLeon*, 32 F. Supp. 2d 925, 927–28 (W.D. Tex. 1998) (noting that defendant was subject to custodial interrogation when referred to secondary inspection for suspicion of presenting false documents at port of entry).

Here, the Court finds that Defendant was subject to custodial interrogation because she was transferred to secondary inspection due to suspicion of presenting a border crossing card that did not belong to her. *See* Compl. 1 ("Defendant did not resemble the [border crossing card] photo, therefore, the Defendant was not admitted, but was escorted into the Immigration secondary area for further interview."). Accordingly, Defendant was subject to custodial interrogation and *Miranda* applies.

C. <u>*Miranda* Waiver</u>

The Court next determines whether Defendant voluntarily waived her *Miranda* rights. Defendant argues that Defendant did not waive her *Miranda* rights because she was held in detention "for approximately 7 hours prior to her interview," "[n]o interpreter was used," and defendant "may have been handcuffed or otherwise shackled." Def.'s Supp. Mem. 6. The government responds that Defendant voluntarily waived her *Miranda* rights because "nothing in the record" indicates the immigration agent's "difficulty in communicating with Defendant" and no coercive tactics were used during the interview. Gov's Resp. 2, ECF No. 33; Gov's Suppl. Br. 7, ECF No. 42. The Court recognizes each party's arguments and focuses on whether the government met their required burden of proving "a valid [*Miranda*] waiver by a preponderance of the evidence." *Pargas-Rodriguez*, 2012 WL 12867381, at *2. The Court finds that because the government presented no corroborating evidence to Defendant's signed *Miranda* waiver, the government failed to meet their burden and Defendant's statements must be suppressed.

Courts in the Fifth Circuit have affirmed the validity of a valid *Miranda* waiver when a signed *Miranda* form is *corroborated* by evidence, including video evidence, hearing testimony, or transcriptions of audio evidence. *See Alvarado-Palacio*, 951 F.3d at 341–42 (finding *Miranda* waiver valid where video evidence showed defendant signing a Spanish-translated waiver and affirming that he understood his rights); *Christopher*, 2015 WL 6882942, at *4–6 (noting *Miranda* waiver valid where defendant signed notice of rights and officer present at signing testified at the suppression hearing to the same); *Esquivel Carrizales*, 2020 WL 6392420, at *22 (finding *Miranda* waiver valid where defendant signed Spanish-translated waiver and transcript of audio from interrogation confirmed that defendant understood his right to an attorney at the interview).

Unfortunately for the government, it is hamstrung in this almost 25-year-old case by the absence of available testimony regarding the facts surrounding Defendant's statement. Specifically, the government presented no corroborating evidence to Defendant's signed *Miranda* waiver form. See Gov.'s Ex. 1, ECF No. 39-2. Unlike in *Alvarado-Palacio* and *Esquivel Carrizales*, the government offered neither a video recording of the interrogation nor a transcription of an audio recording of the interview that would have corroborated the signed *Miranda* waiver. Unlike in *Christopher*, none of the government's witnesses testified to the event in question or whether Defendant voluntarily waived her *Miranda* rights.

Retired Immigration Inspector Mendez—the only testifying witness who was present on the day of the incident, and who was nothing if not completely earnest and entirely credible when he took the stand in the hearing on the instant motion—testified at the suppression hearing that "he could not remember Ms. Chavez-Alvarado or identify her in court." Gov's Suppl. Br. 2. Inspector Mendez was only able to testify as to his pattern and practice in taking statements from suspects in the course of his career, and he did so with a fair amount of detail. However, he had no recollection whatsoever about *this* case; he was only able to testify as to "what he *would have done* on July 27, 2000," based on practice and experience, but not to what happened on the date in question. *Id.* (emphasis added). This was not unexpected, given the extremely long passage of time since the incident and testimony from an agent who handled hundreds and hundreds of cases. Nevertheless, this is not corroboration and is not evidence to support that the government has met their burden.

Because the government did not present any corroborating evidence to the signed *Miranda* waiver form, the government did not meet their burden to prove that Defendant waived their

*Miranda* rights. Accordingly, Defendant's statements made during the interrogation must be suppressed.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's "Motion to Suppress" (ECF No. 32) be **GRANTED**.

**SIGNED** and **ENTERED** this 2nd day of June 2025.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**